IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT EVERTON RUSHIE,         )
                               )
        Petitioner,             )
                               )    1:04CV249
        v.                      )    1:00CR396-1
                               )
UNITED STATES OF AMERICA,       )
                               )
        Respondent.             )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Robert Everton Rushie, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A jury found Petitioner guilty of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), but a mistrial was declared as to the charge of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). (Docket no. 20.) He was found not guilty of possession with intent to distribute crack cocaine. (*Id.*) On retrial, a jury found Petitioner guilty of possession of the cocaine hydrochloride. (Docket no. 24.) The court sentenced him to 210 months in prison. (Docket no. 31.) Petitioner appealed, but the Fourth Circuit affirmed his conviction and sentence. (Docket no. 42.) The Supreme Court denied certiorari.

Petitioner then filed this section 2255 motion. (Docket no. 60.) He raises six grounds for relief. (*Id.* at 5, 8) Respondent has responded. (Docket no. 69.) Petitioner has filed a reply brief. (Docket no. 78.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

Petitioner first presents several claims of ineffective assistance of counsel. (Docket no. 61 at 2-8.) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys

and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *cert. denied*, 507 U.S. 923, 113 S. Ct. 1289, 122 L.Ed.2d 681 (1993), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994).

Petitioner first alleges that counsel failed to make a meaningful pretrial investigation and to file discovery motions. Petitioner fails to allege that any prejudice resulted however, with the possible exception of no motion to suppress being filed which will be addressed in the next claim. (Docket no. 61 at 2; docket no. 78 at 1-3.) This is therefore a conclusory and unsupported claim, especially as to the prejudice component of the *Strickland* test. *See Nickerson*, 971 F.2d at 1136 (such claims subject to dismissal). Moreover, Petitioner does not dispute counsel's statement in his affidavit that he investigated Petitioner's case by reviewing the government's file in the case. (Docket no. 69, ex. C, at 1-2.) Petitioner has failed to show any deficient performance or any prejudice. This claim should be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner next claims that counsel unreasonably failed to move to suppress evidence (gun, scale, and $1000) recovered from his home. (Docket no. 61 at 2.) Petitioner failed to offer a basis upon which counsel could have moved to suppress this evidence. (*Id*.) Respondent argues that the record shows that Petitioner consented to the search of his home, therefore a motion to suppress would have been futile. (Docket no. 69 at 7.) In his reply, Petitioner admits that he voluntarily consented to the search, but contends that he consented only to a search for drugs and that the gun should have been suppressed. (Docket no. 78 at 3.)

2

The record shows that the Greensboro, N.C., police arrested Petitioner when he delivered a kilogram of powder cocaine to a residence. (Tr. of jury trial proceedings, Mar. 12, 2001, at 4.) Petitioner had about $1500 on his person. (*Id*.) The car that he arrived in at the residence contained 11.5 grams of crack cocaine in two individual packages. (*Id*. at 6.) After his arrest, Petitioner gave police consent to search a separate location, his residence, for "anymore drugs or cash or money, things that are commonly narcotic – instruments of narcotic trading." (*Id*. at 29.) Petitioner told police that they would find some money and a gun bought by his wife. (*Id*.) When the police searched Petitioner's house they found the gun, a set of digital scales, and $1,000 in cash. (*Id*. at 30.) The gun was found in plain view on a dresser in his bedroom, the same room where the cash and scales were found. (PSR ¶ 9.) Given this testimony and evidence, Petitioner has failed to show that there is any reasonable probability that a motion to suppress the gun would have been successful. The police had reason to suspect that Petitioner was a drug dealer. Drugs and guns often go together in drug trafficking cases. *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (drugs and firearm on person may lead to conclusion that gun is to further drug trafficking). The gun therefore could be seized as evidence of Petitioner's drug trafficking. Counsel did not perform unreasonably by not moving to suppress the gun, and no prejudice has been shown. This claim should be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner next alleges that counsel did not advise him not to testify while knowing that Petitioner's record would be used against him on cross-examination. (Docket no. 61 at 2-3.) Counsel responded by stating in his affidavit that he did advise Petitioner that his criminal record could be used to impeach his credibility and that a jury might have difficulty accepting Petitioner's entrapment defense in light of his past drug dealings. (Docket no. 69, ex. C at 3.) In his reply, Petitioner does not dispute this but seems to focus on the government's alleged use of his prior convictions for a wrong purpose–to show Petitioner's guilt of the crime charged. (Docket no. 78 at 5-6.) Counsel's statement that he advised

3

Petitioner of the danger of testifying is unrebutted, therefore the Court finds that Petitioner was so informed.

Other evidence also shows that Petitioner is not entitled to any relief on this claim. Petitioner does not contest the government's assertion that Petitioner knew after his first trial that his convictions could be used to impeach him and that he, nevertheless, testified again in his second trial. (Docket no. 69 at 8; docket no. 78 at 5.) This shows that Petitioner was willing to testify knowing that his prior convictions would be used against him. He therefore cannot show that any prejudice resulted from counsel's alleged failure to advise him of this fact. This claim should be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner next claims that counsel unreasonably failed to move to sever counts one and two, the drug possession counts, from count three, the firearm count. (Docket no. 61 at 3-4.) The same indictment charges all three counts. (Docket no. 1.) Rule 8(a), Fed. R. Crim. P., allows the joinder of offenses if they are part of a common scheme or plan. Given the courts' recognition of the link between drug trafficking and gun possession discussed above, these offenses were properly joined. Petitioner has failed to show any prejudice from this joinder. The decision to sever is a discretionary decision and is reviewed for abuse of that discretion. *United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992). Given that the offenses were properly charged in one indictment, and the discretionary nature of the decision to sever, counsel did not perform unreasonably in not moving to have the counts severed. Petitioner has also failed to show that there is a reasonable probability that severance would have changed the outcome of his trials. This claim should therefore be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner next contends that counsel unreasonably failed to introduce into evidence "exhibit D1" which was a handgun permit issued to his wife by the local sheriff's department. (Docket no. 61 at 4-5; docket no. 78 at 6-7.) Petitioner says that this permit would have resulted in his being acquitted of count three, because it shows that the gun was

4

legally obtained and that pursuant to his probation conditions he could legally possess the gun on his own premises. (*Id*.) First, any gun permit issued to his wife by the sheriff's department would not show Petitioner's probation conditions, and these conditions would not override federal law on the matter, therefore Petitioner overstates the importance of this document on these issues. Second, Petitioner admits that the permit was "introduced" at trial, and the transcript shows that his wife identified the permit and testified concerning it. (Partial tr. of jury trial proceedings, Mar. 13, 2001, at 4.) Petitioner's objection is therefore to the item not being admitted into evidence although it was marked as an exhibit and used to illustrate the testimony of his wife. The evidence of the permit was before the jury, and Petitioner cannot show any prejudice from the item not being formally introduced into evidence. Finally, the crucial question for the jury was whether Petitioner exercised dominion and control over the weapon, not whether he or his wife purchased the gun. For all of these reasons, Petitioner has failed to show ineffective assistance of counsel, and the claim should be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner next argues that counsel failed to argue that he did not receive a copy of the Information of Prior Conviction in a timely manner. (Docket no. 61 at 5-6; docket no. 78 at 8.) The Information shows that it was filed on March 8, 2001, four days before trial. (Docket no. 11.) It also shows that a copy was sent to counsel on that same day. (*Id*.) The statute requires the Information be filed and served on counsel before trial. 21 U.S.C. § 851(a)(1). Therefore, the government complied with the statute, and no basis for attacking the Information appears from the record. Counsel did not act unreasonably in not attacking the Information, and no prejudice can be shown. This claim should be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner also contends that counsel unreasonably stipulated with the government that he had a prior conviction for the firearm offense and on the drug amounts. (Docket no. 61 at 6; docket no. 78 at 8-10.) Petitioner does not contend that his prior conviction was

5

improperly reported. He simply says that counsel should have made the government present evidence on the matter. This fails to show any unreasonable performance by counsel or any resulting prejudice. Petitioner contends that without the stipulation as to the drug amounts he would have been sentenced at level 28 rather than level 30. (Docket no. 78 at 9.) Petitioner fails to support this contention, however. He has failed to present any evidence that the amounts were any different than those reflected in the stipulation. (Tr. of jury trial proceedings, Mar. 12, 2001, at 41-44.) Further, counsel states in his affidavit that he and Petitioner agreed to the stipulation on the drug amounts because their defense was to be entrapment, and the drug amounts were not in question. (Docket no. 69, ex. C at 3.) Petitioner has therefore failed to show any deficient performance or prejudice from this claim as well. These claims should be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner next contends that counsel failed to present at trial his "alibi" witness, Ms. Bobby Alvin. (Docket no. 61 at 6; docket no. 78 at 10-11.) He says she would have "corroborated petitioner's testimony as to the ownership of the van in which 7 grams of crack cocaine" was found. (Docket no. 78 at 10-11.) This testimony pertains only to the crack offense of which the jury acquitted Petitioner. (Docket no. 20.) Petitioner could not have been prejudiced by this witness not testifying. Further, the ownership of the van was not the issue at trial. This claim fails to show any ineffective assistance of counsel and should be dismissed.

Petitioner next argues that counsel performed unreasonably by not calling as a witness the informant who participated in setting up the drug transaction at which he was arrested. (Docket no. 61 at 6-7; docket no. 78 at 11.) Petitioner says this violated his Confrontation Clause rights. (*Id*.) He fails to show that any hearsay statements of the informant were admitted at trial. This is therefore an unsupported and conclusory claim which is subject to dismissal. *See Nickerson*, 971 F.2d at 1136. The government contends that no hearsay testimony of the informant was admitted, and Petitioner has not shown otherwise. (Docket

6

no. 69 at 15.) This claim should be dismissed because Petitioner has failed to show any unreasonable performance of counsel or any resulting prejudice. *See Strickland*, 466 U.S. 668.

Petitioner's next claim is that counsel failed to introduce a North Carolina general statute which he says permits the ownership of a firearm by a convicted felon in his home. (Docket no. 61 at 7; docket no. 78 at 11-12.) Counsel's performance was not unreasonable because the state law was not controlling in the case. *See Caron v. United States*, 524 U.S. 308, 118 S. Ct. 2007, 141 L.Ed.2d 303 (1998) (federal government has interest in single, national policy on weapons possession that may be broader than state law); *United States v. Farmer*, No. 01-4990, 2002 WL 31445160 (4th Cir. Nov. 4, 2002) (unpublished) (rejecting argument that N.C. Gen. Stat. § 14-415.1(a) immunized felon from conviction under 18 U.S.C. § 922(g)). This claim should be dismissed.

Finally, Petitioner claims that counsel failed to challenge his retrial after the mistrial. (Docket no. 61 at 7; docket no. 78 at 12.) This is a frivolous claim. The government was entitled to retry Petitioner after the mistrial. *See United States v. Ndame*, 87 F.3d 114, 115 (4th Cir. 1996). This claim should be dismissed.

Turning now to ground two, Petitioner claims that his second trial on count one (powder cocaine possession) was collaterally estopped because of his acquittal on count two (crack cocaine possession). (Docket no. 61 at 8.) The question of Petitioner's possession of the powder cocaine was not decided by the jury's decision on the crack cocaine possession. Petitioner fails to show that collateral estoppel prevented his retrial on count one. *See United States v. Fiel*, 35 F.3d 997, 1006 (4th Cir. 1994) (setting out steps to determine whether issue should be precluded). This claim should be dismissed.

Petitioner next alleges that the court erred when it admitted inadmissible evidence. (Docket no. 60 at 5; docket no. 61 at 9.) He challenges the statement "allegedly written" by him regarding the delivery of the drugs because it was supposedly not properly authenticated.

(Docket no. 61 at 9.)  This is a nonconstitutional claim that was not raised on appeal and was therefore waived.  *Stone v. Powell*, 428 U.S. 465, 477 n.10, 96 S. Ct. 3037, 49 L.Ed.2d 1067 (1976); *United States v. Emmanuel*, 869 F.2d 795, 796 (4th Cir. 1989).  Even if not waived, Petitioner's claim is without merit.  The record shows that the statement was the subject of voir dire examination at trial.  The police detective testified that Petitioner wrote out the statement and signed it.  (Tr. of jury trial proceedings, Mar. 12, 2001, at 14.)  Petitioner's complaint concerning a remark the court made regarding the similarity of the signature on the statement to Petitioner's signature is of no moment because it was made during the voir dire and thus outside the presence of the jury.  (*Id.* at 28.)  This claim should be dismissed.

Petitioner's next ground for relief is prosecutorial misconduct.  He claims that the Assistant United States Attorney improperly raised his criminal record, slandered him in her opening and closing statements, tampered with evidence, and made inflammatory statements to the jury.  (Docket no. 60 at 8.)  This claim is connected to his fifth ground for relief which is that certain portions of his trial were not transcribed in violation of the Court Reporter Act.  (*Id.*)  The jury poll and the opening statements and closing arguments were not transcribed.  (Docket no. 61 at 13.)

Petitioner makes many claims regarding the AUSA's opening statement and closing argument.  (Docket no. 61 at 10-13.)  He has no support for these claims because the parties agree that these parts of Petitioner's trial were not recorded.  (Docket no. 69 at 20.)  Because these are unsupported claims, and because Petitioner bears the burden of proving his claims in this collateral proceeding, these claims should be dismissed.  *See Nickerson*, 971 F.2d at 1136.  The court notes that Petitioner's alleged quotations from these portions of his trial, with no reference to a part of the record, contain comments so extreme that the alleged quotations are simply not credible.

Petitioner also complains about the differing drug amounts in the stipulation that the parties agreed to at trial and the police reports.  (Docket no. 61 at 11.)  He says that these

8

differing amounts show that the prosecution was inventing evidence. (*Id.*) The stipulation and the presentence report both report three weights, 970.2 grams (net weight) of cocaine hydrochloride, 5.1 grams (net weight) of crack cocaine, and 6.4 grams (net weight) of crack cocaine. (Tr. of jury trial proceedings, Mar. 12, 2001, at 41; PSR ¶¶ 7-8.) Petitioner presents what appears to be a police report showing 1000 grams of cocaine recovered and 7 grams of crack cocaine. (Docket no. 78, ex. B.) There are many possible explanations for the relatively slight difference in these drug amounts. Petitioner has failed to show the difference is attributable to prosecutorial misconduct. This claim should be dismissed.

Petitioner also argues that some confusion over where the crack cocaine was found shows prosecutorial misconduct. The stipulation simply set out the weights of the drugs found and not the location where they were found. (Tr. of jury trial proceedings, Mar. 12, 2001, at 41.) The PSR erroneously stated that one portion of the crack was found on Petitioner's person. (PSR ¶ 8.) At sentencing the court inquired as to the location of the crack, and the AUSA clarified that all the crack was found in Petitioner's vehicle and none was found on his person. (Tr. of sentencing proceeding, at 4-5.) This fails to show any prosecutorial misconduct.

Petitioner next argues that the AUSA improperly asked him during cross-examination whether he knew that one of his phone conversations was being monitored. (Docket no. 61 at 12.) There was nothing improper about this question, and an objection to it was overruled. (Tr. of jury trial proceedings, Mar. 13, 2001, at 38-39.) The Court also finds nothing objectionable to the AUSA's question regarding a firearm directed to Petitioner's wife. (*Id.* at 10.) Both questions fail to show any prosecutorial misconduct.

As to all these allegations, Petitioner has failed to show prosecutorial misconduct, and this claim should be dismissed.

Petitioner's ground for relief five is his claim regarding the violation of the Court Reporter Act. (Docket no. 61 at 13-14.) There is no showing that this error was anything

more than an oversight by the court reporter. Petitioner presents a letter from the President of Huseby, Inc., which apparently employed the reporter who recorded Petitioner's trial. (Docket no. 78, ex. D.) The president states that the reporter mistakenly believed that she did not have to record the closing arguments unless specifically requested by the attorneys. (*Id.*) Therefore, unfortunately for Petitioner, the record was not made, but this fails to show any governmental misconduct.

Petitioner alleges but fails to support his contention that not having this portion of his trial recorded prejudiced his direct appeal. There were no issues raised on appeal regarding these portions of the trial. (Docket no. 69, ex. A.) Petitioner argues that he should be granted relief simply because of the missing portions of his trial. (Docket no. 61 at 14.) Yet, even the case he cites refused to adopt a per se rule that *on appeal* the case must be reversed when the court reporter fails to make a record or full transcript available to the defendant. Instead, the court inquires into the likelihood that reversible error occurred. *United States v. Carrazana*, 70 F.3d 1339, 1342-43 (D.C. Cir. 1995). This is not a direct appeal. Indeed, there are rules for reconstructing the record on appeal when a portion of a trial was not recorded. Fed. R. App. P. 10(c). In short, the proper place to address this matter was on appeal. That there was apparently no effort to reconstruct this part of the record on appeal and no issue was raised on appeal regarding these missing portions of the record, suggest that there were no issues favorable to Petitioner to be based on these portions of the record. Petitioner has failed to show otherwise. The Court therefore does not find any prejudicial violation of the Act that would merit relief on collateral review, and this claim should be dismissed.

Petitioner's final claim is that the court violated his Sixth Amendment right to counsel when it denied his motion for a continuance. (Docket no. 60 at 8.) The granting of a continuance of trial to permit representation by counsel of choice is within the discretion of the trial judge. *Morris v. Slappy*, 461 U.S. 1, 11-12, 103 S. Ct. 1610, 75 L.Ed.2d 610 (1983).

Here there was no abuse of discretion. Petitioner was represented by a skilled Assistant Federal Public Defender who was ready for trial. Petitioner waited until March 8, when his trial was scheduled for March 12, to bring the matter to the attention of the court. (Tr. of proceedings, March 8, 2001.) He failed to give sufficient reason to substitute counsel. (*Id.*) The court gave him the opportunity to either represent himself or hire another lawyer, but denied his motion for a continuance. (*Id.*) There is no merit to this claim, and it should be dismissed.

In a separate filing Petitioner has raised the issue of improper sentencing under *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). (Docket no. 67.) The Supreme Court has now decided that although the reasoning of *Blakely* does apply to the federal sentencing guidelines, this decision is not retroactively applicable in collateral proceedings such as this case. *See United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 769, __ L.Ed.2d __ (Jan. 12, 2005) (No. 04-104, 04-105) (decision to be applied only to cases not yet final when decision issued); *see also Schriro v. Summerlin*, __ U.S. __, 124 S. Ct. 2519, 159 L.Ed.2d 442 (2004) (*Ring* and *a fortiori Apprendi* does not apply retroactively on habeas review). Petitioner's conviction became final on April 21, 2003, when the Supreme Court denied certiorari. (Docket no. 44.) This was well before *Booker* was decided. Neither *Booker* nor *Apprendi* may be applied to Petitioner's case. This claim should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 60) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: March 29, 2005